

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-3525
Re: Can the commissioners'
court legally appropriate
money to create a museum
in the room for the use
of the Daughters of the
Confederacy? - and a re-
lated question.

We acknowledge receipt of your letter of May 12, 1941,
requesting an opinion of this Department on the questions
stated herein.

We quote from your letter as follows:

"When the Johnson County Court House was build-
ed the Commissioners set aside one room for the use
of the Daughter's of The Confederacy. These ladies
have requested that the Commissioners Court now appro-
priate money with which to create a museum in this
room; can the Commissioners Court legally appropriate
money for this purpose? Or can the Auditor legally
approve such expenditure in the event the Court
should make such appropriation?"

The courts of Texas have repeatedly held that county com-
missioners' courts may exercise only such authority as is con-
ferred either expressly or by implication by the Constitution
and the Statutes of this State. It is a well established
principal of law that the commissioners' courts are courts of
limited jurisdiction, in that their authority extends only to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

matters pertaining to the general welfare of the respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and Statutes of this State. There are many authorities to this effect. We cite the following:

Article 5, Sec. 18, Texas Constitution;
Texas Jurisprudence, Vol. 11, pp. 563-566;
Bland v. Orr, 39 S. W. 558;
Nunn-Warren Publishing Co. v. Hutchison County, 45 S. W. (2d) 651;
Roge v. Campbell, 48 S. W. (2d) 515;
Lendman v. State, 97 S. W. (2d) 264;
El Paso County v. Elam, 106 S. W. (2d) 393;
Howard v. Henderson County, 116 S. W. (2d) 2791;
Dobson v. Marshall, 118 S. W. (2d) 621;
Mills Co. v. Lampasas Co., 40 S. W. 404;
Charles W. Anderson, et al v. Will W. Wood,
(Sup. Ct. case not yet published).

After a careful search of the authorities, we are unable to find any authority expressly or by implication giving the commissioners' court the legal power or authority to appropriate money for the above mentioned purpose. Therefore, we respectfully answer the two above stated questions in the negative.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED MAY 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY Ardell Williams

Ardell Williams
Assistant

AWA:N

